BRUNET, SAENZ & COMPANY, PLAINTIFFS AND APPELLEES, *v.* DALMAU, DEFENDANT AND APPELLEE. (IRAOLA, INTERVENOR AND APPELLANT.)

APPEAL from the District Court of Guayama in an Action of Debt.

No. 3164.—Decided May 28, 1924.

INTERVENTION—EVIDENCE—OWNERSHIP—ATTACHMENT. — The intervenor-appellant claimed ownership of the truck attached by the creditor, alleging that the debtor had transferred it to him in payment of the deferred part of the purchase price. The trial court resolved the conflict in the evidence in favor of the creditor, whose evidence showed that before the truck was attached the intervenor admitted that he was not its owner and also that the intervenor placed in the hands of the marshal an attachment for his debt. *Held:* That the evidence was contradictory and the court below did not err in weighing it.

The facts are stated in the opinion.

*Mr. M. A. Martínez* for the appellant.

*Mr. J. S. Alegría* for the plaintiff-appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Brunet, Sáenz & Co. is the complainant and appellee in this case. The said firm, in order to recover a debt, attached an automobile truck purporting to be, according to the attaching creditor, the property of Juan Dalmau, the alleged debtor. Robustiano Iraola intervened and claimed the property. As between the creditor and the intervenor the court rendered judgment in favor of the former.

The appellant, intervenor, gave testimony tending to show that he had sold an automobile directly to the defendant Dalmau; that the license for said automobile truck was retained in the name of either the nephew of Iraola or of Iraola himself; that Dalmau did not pay the full purchase price but continued to owe Iraola $2,000; that as Dalmau could not pay the said debt he made a transfer (*dación en pago*) to Iraola of the property.

The evidence presented by the creditor, on the other hand, tended to show that before attaching the said automobile a representative of the said creditor, the attorney for the same, and the marshal of the court presented themselves to Iraola, who either disclaimed title in the property or, according to one of the witnesses, said that the title to the property was in Dalmau. Likewise, according to the witnesses of the creditor, Iraola said that he found the automobile on the street and took it to his house as a security for his debt. Also the witnesses of the creditor said that Dalmau, when the property was attached, did not say, as testified at the trial, that the property had been transferred to Iraola, but he asked time to be able to make some compromise or other offer. After the creditor had attached the automobile, acting on the advice of the attorney for said creditor, Iraola likewise placed an attachment for his debt in the hands of the marshal. The district court

resolved this conflict in the evidence in favor of the creditor and we feel bound to affirm the judgment.

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.